UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62732-Civ-MARRA
MAGISTRATE JUDGE P.A. WHITE

THOMAS TUER,

    Plaintiff,

vs.                              **PRELIMINARY REPORT**
                                      **OF MAGISTRATE JUDGE**

SGT. RUDOLPH, et al.,

    Defendants.
_____/

## I. Introduction

The plaintiff, Thomas Tuer, while confined at the Broward County Main Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). This Cause is before the Court upon the initial screening of the complaint (DE #1).

He has filed a motion to proceed *in forma pauperis* which has been granted and a debt established by separate order. (DE#12). Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Standard for Screening

As amended, 28 U.S.C. § 1915 provides that a court shall dismiss the case at any time if it is determined that the action is "frivolous or malicious", "fails to state a claim upon which relief may be granted", or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)").

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief. Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III. Facts

The plaintiff names the following defendants: (1)Sergeant Rudolph; (2) Deputy Kaestner Williams; and (3) Deputy Carlos Font; all employed at the Broward County Main Jail.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The plaintiff alleges that on December 14, 2009 he fell and broke his right foot as he was returning from court. He was being escorted by defendant Williams. A medical emergency was called. The plaintiff alleges that after the injury to his foot he was only provided with a wheelchair on days when he was due in court. He claims that on one occasion on the way to court defendant Font taunted him by making him crawl on the ground to get his change of clothes for court. He claims that defendant Font would not assist him and forced him to crawl to the elevators.

The plaintiff further alleges that on December 20, 2009[2] he was issued a Disciplinary Report ("D.R.") and handcuffed by defendant Rudolph. He claims that Rudolph escorted him to the D.R. cell by dragging him by the handcuffs and accused him of faking his inability to walk. The plaintiff further alleges that the actions of Rudolph caused him pain and exacerbated the injury to his foot.

The plaintiff seeks damages against the defendants.

## IV. Discussion

**Deliberate Indifference**

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).

---

[2] The plaintiff provides a date of December 20, 2013 in his complaint. This date appears to be a typographical error in that all of the actions complained of by the plaintiff occurred in 2009.

An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell, 441 U.S. at 535; Hamm, 774 F.2d at 1571-74. In the context of a pretrial detainee claim of denial of medical care, the standards are the same. Id.

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless

disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

Excessive Use of Force

In regards to pretrial detainees, the Eleventh Circuit has set forth the following analysis for determining if a constitutional violation through the use of excessive force has occurred:

> Whether a jailer's use of force is excessive, and thus violates the inmate's Fourteenth Amendment right to be free from cruel and unusual punishment, depends on whether the jailer's act "shocks the conscience," Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir.2007), and it necessarily will if the force " 'was applied ... maliciously and sadistically for the very purpose of causing harm.' " Id. (quoting Whitley v. Albers, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986)). To evaluate whether actions shock the conscience, we consider the following factors: (1) the need for force; (2) the relationship between that need and the amount of force used; and (3) the extent of the resulting injury. Whitley, 475 U.S. at 321, 106 S.Ct. at 1085. In addition to those three factors we consider as fourth and fifth factors "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible official on the basis of facts known to them, and any efforts made to temper the severity of a forceful response." Id. When we consider whether the jailers' use of force was excessive, we must "give a wide range of deference to prison officials acting to preserve discipline and security." Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir.1990).

Danley v. Allen, 540 F.3d 1298, 1307 (11th Cir. 2008).

The plaintiff claims that despite his broken foot he was not provided with a wheelchair. He claims that as a result he was forced to crawl on hands and knees for a month. He also claims that he was injured when he was dragged by defendant Sgt. Rudolph. However, he does not allege that either defendant Williams or Font applied any force against him or inflicted pain upon him. Based on these minimal allegations the plaintiff has met his burden of raising a constitutional violation in regard to Sgt. Rudolph only.

The plaintiff has failed to allege what individual, if any, denied him the use of a wheelchair. In a letter docketed in the instant case on January 7, 2014 he claims that he filed a concurrent complaint against Armor Medical. This complaint has apparently not been received or filed by the Clerk as of the date of this report. Thus as of this date the plaintiff's claim of deliberate indifference is not properly before the court as he has failed to provide the name of any individual responsible for any alleged violation.

### III.  Conclusion

Based on the foregoing, it is recommended as follows:

1)  The claim of excessive force against Sgt. Rudolph should proceed.

2)  Defendants Font and Williams should be dismissed for failure to state a claim against them.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual

findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 27th day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Thomas Tuer, Jr., Pro Se
    DOC# 679374
    Jefferson Correctional Institution
    1050 Big Joe Road
    Monticello, FL 32344