UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62732-CIV-MARRA/WHITE

THOMAS TUER,

    Plaintiff,
vs.

BROWARD COUNTY JAIL SGT.
RUDOLPH (#4157), DEPUTY
KAESTNER WILLIAMS (#10638),
and DEPUTY CARLOS FONT,

    Defendants.
_____/

## ORDER AND OPINION AFFIRMING REPORT OF MAGISTRATE

THIS CAUSE is before the Court upon the filing of a Complaint under the Civil Rights Act, 42, U.S.C. § 1983, by Thomas Tuer.

**THIS MATTER** was referred to the Honorable Patrick A. White, United States Magistrate Judge, Southern District of Florida.  A Preliminary Report of Magistrate Judge, dated May 27, 2014 [DE 14] has been filed, recommending that the claim of excessive force against Sgt. Rudolph proceed (for allegedly injuring Plaintiff when he dragged Plaintiff by his handcuffs which were behind his back), but the claims against Defendants Font and Williams should be dismissed for failure to state a claim against them.  Plaintiff filed objections.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person acting under color of state law; (2) deprived him of a right secured by

the Constitution. 42 U.S.C. § 1983. The Eighth Amendment forbids punishments that are cruel and unusual in light of contemporary standards of decency. U.S. Const. amend. VIII; *Ford v. Wainwright*, 477 U.S. 399, 405-06 (1986). Accordingly, the Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care," and must "protect prisoners from violence at the hands of other prisoners." *Id*. at 832-33 (internal quotation omitted); *Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 865 (11th Cir. 2008).

As to Deputy Williams, Plaintiff states that he was injured while being transported back to jail from court. Deputy Williams allegedly ordered him to stand at the threshold of the elevator in order to keep the door from closing, and then when Deputy Williams was done with what he was doing, Deputy Williams ordered Plaintiff to step back from the threshold. At that moment Plaintiff fell backwards because his leg chains had gotten caught in the grooves of the elevator. As a result of this fall, he broke his right foot. Plaintiff argues that "[i]t is uncertain whether or not Deputy Williams was aware of Plaintiff's leg chains being caught between the floors of the elevator and building, but he should have been more responsible when he ordered the Plaintiff to place himself in a position to keep the elevator door from closing which was the very position that caused Plaintiff's leg chains to fall into the groove between floors." DE 15. While the Court is sympathetic that such an injury

occurred, the Court agrees with the Magistrate Judge that this scenario does not demonstrate that Deputy Williams acted wantonly or with deliberate indifference.

As to Deputy Font, in the Complaint Plaintiff alleges "Deputy Font escorted me to the bridge leading to the court house from the main jail. When he brought me my court clothes to change into before leaving he would taunt me with my clothes, taking a step backwards while holding my clothes toward me. As I reached for the clothes he would back up so as to force me to crawl that much further. He would accuse me of faking [and] then take another step backwards. He then refuse[d] to assist me with m[y] court papers forcing me to hold them between my teeth as I crawled to the elevator." DE 1 at 5.

In his Objections, Plaintiff asserts that Deputy Font's conduct was deliberate and malicious because when he took his first "step toward him, putting the weight of his body on his broken foot (even for ½ second), did cause excruciating pain to Plaintiff and, more likely than not, exacerbated the damage to the untreated, uncast broken foot. The extent of the damage cannot be determined (the foot is still swollen 5 years later) but the extent of the malice can. Furthermore, the distance from Plaintiff's cell to the elevator was approximately 100 ft. It was sadistic and deliberately cruel to make Plaintiff crawl on his hands and knees while he carried his court papers in this mouth . . ." DE 15 at 3.

By way of his Objections, Plaintiff is changing the nature of his claim, which is not permitted. Plaintiff has not alleged a lack of necessary medical care, but that

the Deputy acted maliciously.  Plaintiff does not allege that Deputy Font forced him to take that momentary step, and derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) ("we note that a petitioner must allege more than that he has been subjected to "verbal taunts.... [h]owever distressing" in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights").

To state an Eighth Amendment violation, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).  Under the "objective component,"  a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment.  *Id*.  The challenged condition must be extreme and *must pose an unreasonable risk of serious damage to the prisoner's future health or safety*.  *Id*. (emphasis provided).  The Eighth Amendment only guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. *Id*. Restrictive or even harsh conditions alone do not rise to the level of an Eighth Amendment violation.  *Id*.  Plaintiff's allegation of being forced to crawl 100 feet with his court papers in his mouth is certainly demeaning, but there is no reason to believe it posed "an unreasonable risk of serious damage to the prisoner's future

health or safety."[1]  Accordingly, upon a *de novo* review of the entire file and record herein, it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge White's Report and Recommendation [DE 14] be, and the same is RATIFIED, AFFIRMED and APPROVED in its entirety.  The claim of excessive force against Sgt. Rudolph may proceed and the claims against Defendants Font and Williams are dismissed.

As to Plaintiff's other § 1983 complaint against Armor Medical, Dr. Errol Campbell and two nurses, purportedly included in the same envelope as the instant complaint, the Court has no record of such complaint having been filed.  Plaintiff is encouraged to file it again, and if time is an issue, Plaintiff may seek an extension of time due to extenuating circumstances.

DONE AND ORDERED in chambers at West Palm Beach, Palm Beach County, this 27th day of June, 2014.

KENNETH A. MARRA
United States District Judge

---

[1] Having failed to satisfy the objective component, it is not necessary to consider the subjective component.