```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 13-62732-CIV-GAYLES
                              MAGISTRATE JUDGE PATRICK A. WHITE
```

THOMAS TUER,                       :

    Plaintiff,                :

v.                                 :            REPORT OF
                                                MAGISTRATE JUDGE
SGT. RODOLPH,                      :

    Defendants.               :
_____

## I.  INTRODUCTION

Plaintiff has filed a pro se civil rights complaint, pursuant to 42 U.S.C. § 1983 (DE#1). His claim against Defendant Rodolph concerns an incident that allegedly occurred on December 20, 2013 while he was confined at the Broward County Jail. The plaintiff is currently incarcerated in Jefferson Correctional Institution.

In the initial complaint, the plaintiff named multiple defendants including Defendant Rodolph. A report was entered recommending dismissal of all defendants except Rodolph. (DE# 14). Although the plaintiff has filed an amended complaint (DE# 35), for purposes of this report on the motion to dismiss, the operative complaint is the initial complaint (DE# 1).

This Cause is before the Court upon Defendant Rodolph's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (DE# 26). The defendant argues that (1) the plaintiff did not exhaust his available administrative remedies before bringing suit under §1983, and that his complaint is therefore subject to dismissal under the Prison Litigation Reform Act of 1995 ("PLRA"), pursuant to 42 U.S.C. §1997e(a); (2) the plaintiff has failed to allege any particular physical injury; and (3) he is entitled to qualified immunity as a matter of law. The plaintiff was advised by order of his right to file a response. (DE# 64). The plaintiff filed a

response to the motion to dismiss, but has not addressed the issue of exhaustion or any of the other grounds raised.

## II  LAW PERTAINING TO THE PLRA EXHAUSTION REQUIREMENT

In relevant part, Section 1997e provides, as follows:

> ...No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).

Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. Booth v. Churner, 532 U.S. 731, 739 (2001); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002) ("Beyond doubt, Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").[1]

---

[1]   The Eleventh Circuit has articulated the following policy reasons for favoring the exhaustion requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

Alexander v. Hawk, 159 F.3d 1321, 1327 (11 Cir.1998).

The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, supra, 534 U.S. at 524. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. Booth, supra, 532 U.S. at 734. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. See Booth, supra at 741 n. 6 ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11 Cir.1998)("Congress has now mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement...Since exhaustion is now a pre-condition to suit, the courts cannot simply waive those requirements where the determine they are futile or inadequate."). Moreover, the PLRA requires "proper exhaustion," so that the agency has an opportunity to address the issues on the merits. Woodford v. Ngo, 548 U.S. 81, 87-88 (2006); see also Woodford, supra, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.").

The Supreme Court further explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings... Construing §1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." Woodford, supra, at 89. This interpretation of the PLRA's exhaustion requirement

"carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." Id. at 91. Consequently, a prisoner cannot "proceed...to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." Id.

A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11 Cir.2000); Alexander, supra, 159 F.3d at 1325-26.

In an instance where an inmate did not timely pursue a grievance or grievance appeal, they cannot then simply bypass the administrative grievance procedure, and proceed to federal district court and seek relief on their underlying claims without having sought to file a grievance, or grievance appeal, out-of-time. See Harper v. Jenkin, 179 F.3d 1311, 1312 (11 Cir.1999). Further, in instances where an inmate/plaintiff contends that there existed some impediment to their filing of a grievance, or grievance appeal, Courts have held that when such an impediment to exhaustion is removed, an inmate's failure to properly utilize administrative remedies thereafter cannot be justified. See Hilton v. Sec'y for Dep't of Corr., No. 03-13492, 170 Fed. Appx. 600, 605, 2005 WL 3802979, at **5 (11 Cir., Nov. 1, 2005)(in case where a state prisoner alleged that he could not exhaust administrative remedies because he was denied grievance forms while in "administrative confinement," the Eleventh Circuit explained that "Hilton's contention...[did] not entitle him to relief because he fail[ed] to allege that he was unable to obtain these forms once he was released from confinement"); Mason v. Smith, No. CV304-19, 2007 WL 2386411, at *6-7 (S.D.Ga., Aug. 17, 2007) (in case where plaintiff contended he was in lock-down following a use of force incident and

4

contended that he therefore was unable to file a grievance within the five (5) day time period required by the SOP, the court found that even if, assuming *argu*endo, the plaintiff was prevented from pursuing administrative remedies within the initial five-day period, his failure to pursue an out-of-time grievance after he was released form confinement had access to the grievance process, required the Court to dismiss the instant suit under §1997e(a)).

Finally, it is noted that while pre-suit exhaustion of administrative remedies is mandatory, Jones v. Bock, 549 U.S. 199, 211 (2007), in limited circumstances an inmate's administrative remedies may be deemed to have been rendered "unavailable," but the Plaintiff "must point to specific facts showing that officials prohibited or blocked his use of the grievance process." Heard v. Allen, No. 1:09–CV–119 (WLS), 2010 WL 3855235, at *4 (M.D.Ga., Aug. 12, 2010). Courts have found that such circumstances may include refusal of forms needed to pursue an institution's established grievance process; informing an inmate that a procedural step in the established administrative process need not or cannot be pursued; or threats of retaliation of a sufficient nature. See e.g. Miller v. Norris, 247 F.3d 736, 740 (8 Cir. 2001) (holding that inmate was prevented from exhausting his administrative remedies when prison officials failed to respond to his requests for grievance forms, and that the inmate's failure to exhaust those remedies was not a bar to suit because they were not "available" to him); Miller v. Tanner, 196 F.3d 1190, 1194 (11 Cir.1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); Mosier v. Fla. Dept. of Corr., No. 5:11–cv–399-MP-GRJ, 2012 WL 3239385, at *4 (N.D.Fla., June 19, 2012) (An administrative remedy may be deemed "unavailable for PLRA purposes if prison officials render pursuit of the remedy irrational through threats of substantial retaliation."); Cole v. Sec'y Dept. of Corr., No. 11-10691, 451 Fed.Appx. 827, 828, 2011 WL 6184433, at **1 (11 Cir.,

5

Dec. 14, 2011)(To demonstrate such unavailability as a result of threats, a prisoner must establish that: (1) the threat actually deterred him from lodging a grievance or pursuing a particular part of the administrative process; and (2) the threat is one that would so deter a reasonable inmate of ordinary firmness and fortitude) (citing Turner v. Burnside, 541 F.3d 1077, 1084-1085 (11 Cir. 2008)).

### III   THE CURRENT POSTURE OF THIS CASE, AND APPLICABLE STANDARD OF REVIEW FOR CONSIDERATION OF LACK OF EXHAUSTION DEFENSE

The Supreme Court has held that failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 216 (2007).  The Eleventh Circuit has held that a defense of failure to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement, Bryant v. Rich, 530 F.3d 1368, 1374 (11 Cir.2008), meaning that procedurally the defense is treated "like a defense for lack of exhaustion," although it is not a jurisdictional matter.[2] Bryant, supra, 530 F.3d at 1374.

Thus, due to the defendant's assertion of the affirmative defense of lack of exhaustion, it is not necessary or proper to convert the Rule 12(b)(6) motion to one sounding under Rule 56, and then, by use of the summary judgment procedural framework, engage in analysis of the question whether the plaintiff/non-movant has exhausted his administrative remedies. See Myles v. Miami-Dade County Correctional and Rehabilitation Dept., et al., No. 11-14775, 476 Fed.Appx. 364, 366, 2012 WL 1368164, at *1-2 (11 Cir., April 19, 2012)(noting that the question of exhaustion under the PLRA, raised

---

[2] The Supreme Court has confirmed that exhaustion under the PLRA is not a jurisdictional prerequisite. See Woodford v. Ngo, 548 U.S. 81, 101 (2006)(stating that it is "clear that the PLRA exhaustion requirement is not jurisdictional.").

as a defense, is a "threshold matter" which the court must address before considering merits of the case, and holding that use of the summary judgment procedural framework is inappropriate for consideration of whether the inmate plaintiff's administrative remedies were properly exhausted); Bryant v. Rich, 530 F.3d 1368, 1375 (11 Cir.2008)(the exhaustion defense "is not ordinarily the proper subject for a summary judgment; instead it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'")(quoting Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368-69 (9 Cir. 1988)).

When deciding whether a prisoner has exhausted their remedies, and the matter is raised as a defense, the court should first consider the plaintiff's and the defendants' versions of the facts [looking at the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response], and if they conflict, the court should take the plaintiff's version of the facts as true, and "[i]f in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Turner v. Burnside, 541 F.3d 1077, 1082 (11 Cir.2008)(citing Bryant, supra, 530 F.3d at 1373-74); Myles, supra, 2012 WL 1368164, at *2. If, however, the complaint is not subject to dismissal at that first step, where the plaintiff's allegations are assumed to be true, the court should then proceed "to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, supra, 541 F.3d at 1082 (citing Bryant, supra, 530 F.3d at 1373-74); Myles, supra.

### IV  PLAINTIFF'S CLAIMS, AND DEFENDANTS' ASSERTED ARGUMENTS/DEFENSES

As discussed in the Preliminary Report, the plaintiff's claim against Defendant Rodolph is premised upon an alleged incident that occurred on December 20, 2009. The defendant asserts that plaintiff did not use the established grievance procedure to complain of the alleged December 20, 2009 incident. A review of the complaint

7

reveals that the plaintiff did not allege that he attempted to use the grievance procedure available to him as a detainee in the Broward County Jail. In his response to the motion to dismiss the plaintiff has again failed to allege that he made any effort to utilize the jail's grievance procedures.

## V    ANALYSIS

Pursuant to the framework for analysis under <u>Myles</u>, <u>Turner</u>, and <u>Bryant</u>, <u>supra</u>, on the question of whether Plaintiff fully and properly exhausted his available administrative remedies before bringing suit under §1983 in this court, the Court will first examine and consider the defendants' and plaintiff's versions of the facts, taking the plaintiff's version of the facts as true, and will then, to the extent that there are disputed factual issues related to exhaustion, make specific findings in order to resolve any disputed factual issues.

Upon review of the parties' filings, and construing the fact allegations in the light most favorable to the plaintiff, the following facts/allegations are taken as true. Plaintiff was in the custody of the Broward County Jail. The Broward County Jail has a policy in place for inmate grievances that provides a mechanism for resolution of the inmate's concerns. The plaintiff did not timely file a grievance regarding the alleged December 20, 2009 incident involving Defendant Rodolph.

For the above stated reasons, it is apparent that, as to defendant Rodolph, the complaint is subject to dismissal, for lack of exhaustion of administrative remedies provided by the Broward County Jail.

**VII CONCLUSION**

It is therefore recommended that: 1) the defendant's motion to dismiss (DE# 26) be GRANTED, as to all claims against Rodolph, on the stated ground that pursuant to 42 U.S.C. §1997e(a), the claim is subject to dismissal for lack of exhaustion of administrative remedies.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 21st day of January, 2015.

UNITED STATES MAGISTRATE JUDGE

cc: Thomas Tuer, Jr., Pro Se
DOC# 679374
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, FL 32344

Thomas P. O'Connell, P.A.
750 Southeast Third Avenue
Suite 204
Fort Lauderdale, FL 33316