UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 13-62732-CIV-GAYLES/WHITE

THOMAS TUER,

    Plaintiff,

vs.

SGT. RODOLPH,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant Sergeant Rodolph's Motion to Dismiss Complaint [ECF No. 26], Defendant's Motion to Dismiss Amended Complaint [ECF No. 40], and Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 45].

**Background**

On December 17, 2013, Plaintiff, Thomas Tuer, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [ECF No. 1](the "Complaint"). The Clerk referred the case to Magistrate Judge White under Administrative Order 2003-19 for a report and recommendation on any dispositive matters. (*See* [ECF No. 3]). In his Complaint, Plaintiff alleges he was refused a wheelchair and suffered additional neglect and mistreatment at the hands of three employees of the Broward County Jail: Sergeant Rodolph, Deputer Kaestner Williams, and Deputy Carlos Font. Plaintiff also, in one brief sentence, alleges that the staff at Armor Medical acted with deliberate indifference towards him. Shortly after filing his Complaint, Plaintiff sent a letter to the Court stating that, in conjunction with his filing of the Complaint, he filed another complaint against Armor Medical. [ECF No. 5]. The Court did not receive Plaintiff's complaint against Armor Medical with the original filing.

On May 27, 2014, after a preliminary screening pursuant to 28 U.S.C. § 1915, Magistrate Judge White issued a report recommending that the claim of excessive force against Defendant Rodolph proceed and that the claims against Defendants Font and Williams be dismissed for failure to state a claim.  On June 27, 2014, the Court adopted Magistrate Judge White's report and directed Plaintiff to refile his complaint against Armor Medical.   Plaintiff filed his Amended Complaint against several individual defendants, Armor Medical, and the Broward County Jail.   In his Amended Complaint, Plaintiff alleges multiple instances from August 2007 to December 20, 2009, wherein the Defendants allegedly failed to provide adequate medical care.  Plaintiff does not, however,  make any allegations against Defendant Rodolph in the Amended Complaint.

On August 20, 2014, Defendant Rodolph moved to dismiss the Complaint arguing, among other issues, that Plaintiff failed to exhaust administrative remedies.  On October 28, 2014, Defendant Rodolph moved to dismiss the Amended Complaint for failure to state any claims against him.

On January 21, 2015, Magistrate Judge White issued the Report recommending that the Court grant Defendant Rodolph's Motion to Dismiss the Complaint because Plaintiff failed to exhaust administrative remedies.  Plaintiff has objected to the report, arguing that he tried to exhaust administrative remedies but was thwarted by the Defendants.

## Analysis

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  In reviewing the disposition *de novo*, the undersigned has reviewed the Report, the Petition, the record, and applicable law.  In the light of that review, the undersigned agrees with the analysis and recommendations stated in Judge White's Report, and agrees with Judge White's conclusion that the Complaint should be dismissed. Although Plaintiff does attach documents to the Amended Complaint that might support a finding

that he attempted to begin grievance procedures relating to his medical care, he makes no allegations, in the Complaint or the Amended Complaint, that he began grievance procedures relating to Defendant Rodolph's alleged use of excessive force.  As a result, the Court finds that Plaintiff failed to properly allege that he exhausted his available administrative remedies before bringing suit under § 1983 as required by the Prison Litigation Reform Act of 1995 ("PLRA").

Notably, the Plaintiff fails to make any allegations against Defendant Rodolph in the Amended Complaint.  Accordingly, the Amended Complaint, to the extent it purports to be against Defendant Rodolph, must be dismissed.  Based thereon, it is

**ORDERED and ADJUDGED** that Judge White's Report and Recommendation (ECF No. 45) is **AFFIRMED and ADOPTED** in its entirety.   It is further

**ORDERED AND ADJUDGED** that Sergeant Rodolph's Motion to Dismiss Complaint [ECF No. 26] is **GRANTED,** and that Defendant's Motion to Dismiss Amended Complaint [ECF No. 40] is **GRANTED.**   All claims against Defendant Rodolph are **DISMISSED.**  It is further

**ORDERED AND ADJUDGED** that this matter is **REFERRED** to Magistrate Judge White to make a preliminary review under 28 U.S.C. § 1915 of any remaining claims in the Amended Complaint.

**DONE and ORDERED** in chambers, at Miami, Florida, this 17th day of February, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE